IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | NO. 3:16-cr-00022 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| ) | |
| OCTAVIOUS HENDERSON ) | |
| ) | |

## **MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant's Unopposed Motion for Early Termination of Supervised Release (Doc. No. 36, "Motion"), wherein Defendant asks the Court to terminate his seven-year term of supervised release. In the Motion, Defendant asserts that his probation officer and the Government have no objections to his request. (*Id*. at 2). For the reasons stated herein, the Motion will be **DENIED**.

BACKGROUND

On February 5, 2016, a one-count Information was filed charging Defendant with Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. No. 18). Defendant's plea was entered pursuant to a plea agreement, submitted under Rule 11(c)(1)(B) and (C) of the Federal Rules of Criminal Procedure, which included recommended guideline calculations and a joint sentencing recommendation of "96 months in the custody of the Bureau of Prisons followed by 7 years of supervised release." (Doc. No. 25 at 7). A sentencing hearing was held on June 3, 2016, during which the Court—obligated under Rule 11(c)(1)(C) either to accept the joint sentencing recommendation or to reject it and afford Defendant the option to withdraw his guilty plea—accepted the joint sentencing recommendation

of the parties and imposed a total sentence of 96 months of custody and seven years of supervised release. (Doc. No. 30). Judgment was entered the same day (Doc. No. 31), and (unsurprisingly) Defendant did not appeal.

On June 17, 2021, Defendant was released from custody and promptly began his term of supervised release. *See Federal Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed February 13, 2023). He reportedly is in full compliance with the conditions of his supervision and has no documented violations.

## LEGAL STANDARD

Section 3583(e)(1) of Title 18, United States Code, permits early termination of a term of supervised release after the expiration of one year of supervised release, if the Court is satisfied that such action "is warranted by the conduct of the defendant released and the interest of justice." Factors to be considered in granting early termination include, to the extent applicable in a particular case: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need "to afford adequate deterrence to criminal conduct"; (3) the need "to protect the public from further crimes of the defendant"; (4) the need "to provide the defendant with needed education or vocational training, medical care, or other correctional treatment"; (5) the kinds of sentence and sentencing range established by the United States Sentencing Commission for the applicable category of offense committed by the applicable category of defendant; (6) any pertinent policy statement issued by the United States Sentencing Commission; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

Furthermore, federal judiciary policy provides guidance to the Court and U.S. Probation

Officers when evaluating whether early termination of supervised release is appropriate. *Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 360.20 (2022). Specifically, the Guide indicates there is a presumption in favor of U.S. Probation Officers recommending early termination for persons who meet the following criteria: (1) the person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism; (2) the person presents no identified risk of harm to the public or victims; (3) the person is free from any court-reported violations over a 12-month period; (4) the person demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) the person is in substantial compliance with all conditions of supervision; and (6) the person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision. *Id*. at § 360.20(c)

## ANALYSIS

Defendant's request for early termination is premised upon the fact that Mr. Henderson has complied with the terms of his supervised release (maintained employment, passed all required drug screens, and reported to the U.S. Probation office as required), and that the probation officer and the Government do not object to his request (Doc. No. 36 at 2).

Although Defendant has served almost 20 months of supervised release, he has not shown that termination of supervised release is warranted by his conduct or is in the interests of justice. "Early termination is a discretionary decision warranted in cases of changed circumstances, such as where the defendant exhibits 'exceptionally good behavior.'" *United States v. Campbell*, No. 05-6235, 2006 WL 3925588, at *1 (6th Cir. July 25, 2006) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)); *accord United States v. Atkin*, 38 Fed. Appx. 196, 198 (6th Cir. 2002); *United States v. Laine*, 2010 WL 5173850, at *2 (3rd Cir. 2010) ("early termination of supervised

release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," and "[s]imple compliance with the conditions of supervised release are expected and not exceptional"); *United States v. Pruitt*, 2014 WL 4270008, at *3 (C.D. Ill. Aug. 28, 2014) ("The Court also notes that many district courts and other Courts of Appeals have held that the conduct of the defendant necessary to justify early termination should include something more than just following the rules of supervision, such as 'new and unforeseen circumstances, or where the defendant's behavior has been exceptionally good'"); *United States v. Etheridge*, 999 F. Supp.2d 192, 197 (D.D.C. 2013) ("a defendant must show something 'of an unusual or extraordinary nature' in addition to full compliance"). While the Court acknowledges Defendant's compliance with the requirements of supervision and commends Defendant in that regard, the Court has not been persuaded that early termination is warranted by the conduct of "the defendant released and the interest of justice." Unfortunately, Defendant has failed to provide the Court with any facts or circumstances (beyond Defendant's compliance with his conditions of supervision) upon which the Court can base an order terminating supervised release—especially considering that Defendant has not served even a mere one-quarter of the term that was originally imposed pursuant to Defendant's own recommendation.

As such, the Court cannot find that a truncated, 20-month term of supervised released is sufficient but not greater than necessary to comply with the purposes of sentencing. For now, the Court continues to view the imposed seven-year term of supervised release sufficient for those purposes—which is, as noted, exactly how Defendant himself viewed when entering his guilty plea and being sentenced. In denying Defendant's Motion, the Court has considered all of the applicable factors set forth in 18 U.S.C. § 3553(a) but focuses on the "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need "to afford adequate

deterrence to criminal conduct"; the need "to protect the public from further crimes of the defendant"; and the need "to promote respect for the law," all of which point this Court to continuing supervision as ordered.

CONCLUSION

For the reasons set forth above, the Court is unable to find that "the conduct of the defendant" or "the interest of justice" justify early termination of supervised release under 18 U.S.C. § 3583(e)(1) in this case. Therefore, Defendant's Motion for Early Termination of Supervised Release (Doc. No. 36) is **DENIED**. The Court extends Defendant the option of refiling a Motion that addresses, in detail, his conduct (beyond compliance with supervised release) and the interest of justice.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE